JS-6

Boris Zelkind (State Bar No. 214,014)
*Boris.Zelkind@kmob.com*
Marc Morley (State Bar No. 211,242)
*Marc.Morley@kmob.com*
Jeremy R. Pierce (State Bar No. 246,961)
*Jeremy.Pierce@kmob.com*
Alan L. Kessler (State Bar No. 254,010)
*Alan.Kessler@kmob.com*
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Phone: (619) 235-8550
Facsimile: (619) 235-0176

Attorneys for Plaintiff
99¢ ONLY STORES

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 99¢ ONLY STORES, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>99¢ GRANDOLLAR, a California company, IRENE KIM, an Individual, and DOES 1-20, INCLUSIVE,<br><br>    Defendants. | Case No.: CV09-2483 RMT (SHx)<br><br>[PROPOSED] FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION<br><br>Hon. Robert M. Takasugi |

Plaintiff 99¢ ONLY STORES ("Plaintiff" or "99¢") filed the complaint in this action charging 99¢ GRANDOLLAR, a California company, IRENE KIM, an Individual, and DOES 1-20, INCLUSIVE (collectively referred to as "Defendants" or "99¢ Grandollar") with false designation of origin, federal trademark infringement, trademark dilution, unfair competition, and related causes of action. The parties have agreed to a settlement of the matters in issue before them and to the entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the parties and over the causes of action asserted in this action. Venue is proper in this judicial district.

2. The following federal trademarks owned by 99¢ Only Stores are valid and enforceable (hereinafter "99¢ Only Stores marks"):

Registration No. 1,395,427 for the mark "ONLY 99¢ ONLY"

Registration No. 1,455,937 for the mark "99¢ ONLY STORES"

Registration No. 1,712,553 for the mark "DRIVER CARRIES 99¢ ONLY"

Registration No. 1,724,475 for the mark "OPEN 9 DAYS A WEEK 9 AM – 9 PM"

Registration No. 1,730,121 for the mark "ONLY 99¢ ONLY"

Registration No. 1,741,928 for the mark "99¢ ONLY STORES & Design"

Registration No. 1,747,549 for the mark "99¢ ONLY"

Registration No. 1,947,809 for the mark "99¢ ONLY STORES"

Registration No. 1,959,640 for the mark "99¢"

Registration No. 2,401,900 for the mark "99¢ ONLY STORES & Design"

Registration No. 2,761,939 for the mark "99 THANKS"

Registration No. 3,132,449 for the mark "HIGHWAY 99"

Registration No. 3,132,450 for the mark "HIGHWAY 99 & Design"

Registration No. 3,144,871 for the mark "HIGHWAY 99 YOUR ROAD TO GREAT SAVINGS."

3. The following Federal registrations owned by 99¢ Only Stores ("99¢") have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of 99¢'s exclusive right to use these marks: Reg. Nos. 1,455,937; 1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900.

4. 99¢ has developed a protectable family of 99¢ Marks that it uses extensively throughout its business and which emphasizes the common "99" element of its family of 99¢ Marks in slogans, promotions, and advertising.

5. 99¢ has a valid, protectable interest in its distinctive trade dress, trade name and common-law service marks.

6. Defendants have operated and continue to operate the retail business at the premises located at 365 North Azusa Avenue, West Covina, California 91791, and have operated said business under the name "99¢ GRANDOLLAR." Defendants' store name, logo, signage, and trade dress are confusingly similar to that of 99¢ and constitute a false designation of origin, infringe and dilute 99¢'s family of 99¢ Marks, trade name, federal service mark registrations, common law marks, and trade dress as set forth in Paragraph 2 above. Defendants activities also infringe and dilute 99¢'s marks registered in the State of California in violation of California Business & Professional Code §§ 14245 and 14247. By their infringing acts, Defendants further unfairly compete with 99¢ in violation of 15 U.S.C. §1125(a), California Business and Professional Code §17000 et seq., and the common law.

7. Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment are hereby enjoined and restrained from:

///

///

A. Using, coping, simulating, or in any other way infringing 99¢'s family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

B. Displaying any signage or other business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto; as part of the business name or business identifier.

C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, nor display any references to "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, in or in connection with DEFENDANTS' business or corporate name;

D. Using the numeral "99" as a feature of any business or corporate name;

E. Using the numeral "99" as a feature of any business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures;

///
///
///

F. Using any of the marks from 99¢'s family of federally registered and common law service marks, 99¢'s trade names, and 99¢'s trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus;

G. Using purple, pink and/or blue color hues for the mark and name of Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in ¶7.F;

H. Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and

I. Using, coping, simulating, or otherwise mimicking 99¢'s trade dress.

8. The terms in paragraph 7 shall remain in force in perpetuity.

9. This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof.

/ / /

/ / /

/ / /

10. After this Consent Judgment has been entered by the Court, 99¢ shall promptly serve notice of it on Defendants, and 99¢ shall file with the Court a proof of service thereof within ten (10) days thereafter.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 4-23-09     By: _____
Boris Zelkind
Marc Morley
Jeremy R. Pierce
Alan L. Kessler

Attorneys for Plaintiff,
99¢ ONLY STORES

Dated: 4-22-09     By: _____
Irene Kim

Dated: 4-22-09     By: _____
Irene Kim
Owner

99¢ GRANDOLLAR

**IT IS SO ORDERED.**

Dated: APR 27 2009     _____
Hon. Robert M. Takasugi
United States District Court Judge

6978709_2
042109

-5-